IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

MARÍA J. AYALA MARTÍNEZ,

    Plaintiff,

    v.

PUERTO RICO CVS PHARMACY, LLC., et al.,

    Defendants.

CIVIL NO.: 19-2098 (MEL)

**OPINION & ORDER**

María J. Ayala Martínez ("Plaintiff") filed a complaint against Puerto Rico CVS Pharmacy, LLC ("Defendant" or "CVS") pursuant to Puerto Rico Civil Code, §§ 1802, 1803, 31 L.P.R.A. §§ 5141, 5142. ECF No. 1 at 4. Plaintiff contends that she was injured when she fell in the parking lot of a CVS pharmacy in Fajardo, Puerto Rico due to Defendant's acts or omissions. ECF No. 1 at 4. Specifically, Plaintiff contends that she fell and was injured because of an existing dangerous condition that was known or should have been known by Defendant or because the CVS parking lot had not been built following applicable construction codes, laws, and regulations. ECF No. 1 at 4. Pending before the court is Defendant's motion for summary judgment and Plaintiff's response in opposition. ECF Nos. 41-1, 41-2, 42, 42-1.[1]

**I.   LEGAL STANDARD**

The purpose of summary judgment "is to pierce the boilerplate of the pleadings and assay the parties' proof in order to determine whether trial is actually required." *Wynne v. Tufts Univ.*

---

[1] On March 24, 2022, Plaintiff's counsel informed the court that Plaintiff died in New York on November 21, 2021. ECF No. 43 at 1. Plaintiff's counsel moved that the deceased Plaintiff's heirs be substituted as named parties in this suit. ECF No. 43. The motion was denied without prejudice by the court because of deficiencies in the supporting documentation. ECF No. 44. Plaintiff's counsel renewed the motion on April 11, 2022 (ECF No. 46) and Defendant filed a motion in opposition to Plaintiff's heirs being substituted as the named parties. ECF No. 47.

*Sch. of Med.*, 976 F.2d 791, 794 (1st Cir. 1992) (citations omitted). Summary judgment is granted when the record shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A dispute is genuine if the evidence about the fact is such that a reasonable jury could resolve the point in the favor of the non-moving party. A fact is material if it has the potential of determining the outcome of the litigation." *Farmers Ins. Exch. v. RNK, Inc.*, 632 F.3d 777, 782 (1st Cir. 2011) (quoting *Rodríguez Rivera v. Federico Trilla Reg'l Hosp.*, 532 F.3d 28, 30 (1st Cir. 2008)).

The party moving for summary judgment bears the burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant presents a properly focused motion "averring 'an absence of evidence to support the nonmoving party's case[,]' [t]he burden then shifts to the nonmovant to establish the existence of at least one fact issue which is both 'genuine' and 'material.'" *Griggs-Ryan v. Smith*, 904 F.2d 112, 115 (1st Cir. 1990) (quoting *Garside v. Osco Drug, Inc.*, 895 F.2d 46, 48 (1st Cir. 1990)). For issues where the nonmoving party bears the ultimate burden of proof, the party cannot merely "rely on an absence of competent evidence, but must affirmatively point to specific facts [in the record] that demonstrate the existence of an authentic dispute." *McCarthy v. Nw. Airlines, Inc.*, 56 F.3d 313, 315 (1st Cir. 1995) (citation omitted). The party need not, however, "rely only on *uncontradicted* evidence . . . . So long as the [party]'s evidence is both cognizable and sufficiently strong to support a verdict in her favor, the factfinder must be allowed to determine which version of the facts is most compelling." *Calero-Cerezo v. U.S. Dep't of Justice*, 355 F.3d 6, 19 (1st Cir. 2004) (emphasis in original) (citation omitted).

In assessing a motion for summary judgment, the court "must view the entire record in the light most hospitable to the party opposing summary judgment, indulging all reasonable

inferences in that party's favor." *Griggs-Ryan*, 904 F.2d at 115. There is "no room for credibility determinations, no room for the measured weighing of conflicting evidence such as the trial process entails, [and] no room for the judge to superimpose his own ideas of probability and likelihood." *Greenburg v. P. R. Mar. Shipping Auth.*, 835 F.2d 932, 936 (1st Cir. 1987). The court may, however, safely ignore "conclusory allegations, improbable inferences, and unsupported speculation." *Medina Muñoz v. R.J. Reynolds Tobacco Co.*, 896 F.2d 5, 8 (1st Cir. 1990) (citations omitted).

## II.   FACTS NOT IN CONTROVERSY[2]

At the time of the incident at issue in this case and at the time the complaint was filed, Plaintiff was of legal age, single, and a resident of New York, New York. ECF No. 41-2 at 1, ¶ 1; ECF No. 42-1 at 1, ¶ 1. Puerto Rico CVS Pharmacy, LLC is a corporation organized pursuant to the laws of the Commonwealth of Puerto Rico, located in Bayamón, Puerto Rico. ECF No. 41-2 at 1, ¶ 2; ECF No. 42-1 at 1, ¶ 2. Puerto Rico CVS Pharmacy, LLC owns and operates all CVS pharmacies located in the Commonwealth of Puerto Rico, including the CVS pharmacy in Fajardo, Puerto Rico. ECF No. 41-6 at 2, ¶ 3; ECF No. 42-1 at 1, ¶ 3.

On November 28, 2018, Plaintiff went to the CVS pharmacy in Fajardo with Ms. Ester Cesareo ("Ms. Cesareo") in Ms. Cesareo's car, arriving at approximately 1:00 PM. ECF No. 41-2 at 2, ¶¶ 5–6; ECF No. 42-1 at 2, ¶¶ 5–6. Upon exiting the CVS Pharmacy store, Plaintiff pushed a shopping cart as she and Ms. Cesareo walked toward a row of parked vehicles in the

---

[2] Defendant's proposed fact 8 is deemed admitted despite Plaintiffs' denial because the denial does not contradict the relevant proposed fact. ECF Nos. 41-2 at 2, ¶ 8, 42-1 at 2, ¶ 8. The first sentence of Defendant's proposed fact 10 is admitted as undisputed. ECF No. 42-1 at 3, ¶ 10. However, the second sentence of Defendant's proposed fact 10 asserting that "[Plaintiff] is standing in the black asphalted area, right next to the shopping cart, in the back area of the vehicle" is not deemed to be an undisputed fact because the exhibit cited in support of the assertion is a photograph, which makes it impossible to determine whether Plaintiff was standing or still in motion. ECF No. 42-1 at 3, ¶ 10; ECF No. 41-9. Defendant's proposed facts 14 and 15 are not admitted as undisputed facts because they are more properly categorized as legal arguments. ECF No. 41-2 at 3, ¶¶ 14–15.

CVS parking lot. ECF No. 41-2 at 2, ¶ 6–8; ECF No. 42-1 at 2, ¶ 6–8. A video recording captured Plaintiff and Ms. Cesareo as they walked across the parking lot toward the vehicles, and Plaintiff identified herself as one of the two persons appearing in the video. ECF No. 41-2 at 2, ¶ 9; ECF Nos. 41-5, 41-6, 41-7, 41-8, 41-9, 41-10, 41-11, 41-12; ECF No. 42-1 at 2, ¶ 9. When Plaintiff and Ms. Cesareo arrived at Ms. Cesareo's vehicle, Plaintiff suffered a fall which is the subject of the instant case. ECF No. 41-2 at 2–3, ¶ 10; 3, ¶ 13; ECF No. 42-1 at 3, ¶ 10.

## III.  ANALYSIS

Puerto Rico's general tort statute, Section 1802 of Puerto Rico Civil Code, provides, "[a] person who by an act or omission causes damage to another through fault or negligence shall be obliged to repair the damage so done." 31 L.P.R.A. § 5141.[3] To establish tort liability, a Plaintiff must demonstrate three elements: "(1) evidence of physical or emotional injury, (2) a negligent or intentional act or omission (the breach of duty element), and (3) a sufficient causal nexus between the injury and defendant's act or omission (in other words, proximate cause)." *Vázquez Filippetti v. Banco Popular de P.R.*, 504 F.3d 43, 49 (1st Cir. 2007) (citing *Torres v. KMart Corp.*, 233 F. Supp. 2d 273, 277–78 (D.P.R. 2002)). Defendant moves for summary judgment on Plaintiff's Puerto Rico law tort claim on essentially three grounds. First, Defendant asserts that there is no evidence that CVS owed a duty to Plaintiff which would give rise to tort liability. ECF No. 41-1 at 2, 13. Second, even if a duty of care was owed, CVS maintains that it was not negligent because Plaintiff had herself acted negligently by running in the CVS parking lot and thereby assumed the risk of such behavior. ECF No. 41-1 at 2, 13. Third, Defendant argues that CVS is entitled to summary judgment because Plaintiff fails to produce any evidence showing

---

[3] A new Civil Code of Puerto Rico became effective on November 28, 2020. Article 1802 is now Article 1536 of the Puerto Rico Civil Code, 31 L.P.R.A. § 5311. However, because the events at issue in this case occurred in November 2018—before the new Civil Code became effective—the applicable provisions are the prior version of the Civil Code.

4

that CVS had notice of a dangerous condition or even how long the condition was present in the CVS parking lot. ECF No. 41-1 at 10.

### A. Whether CVS Owed a Duty of Care to Plaintiff

Defendant first argues that CVS "had no obligation of any kind to the Plaintiff to begin with . . . ." ECF No. 41-1 at 13. Plaintiff responds that proof of a duty of care is not required "to state a claim for negligence" under Puerto Rico law. ECF No. 42 at 8. In Puerto Rico, the second element that a Plaintiff must show to establish tort liability—a negligent or intentional act or omission—requires that a defendant breach a pre-existing duty of care to the plaintiff. *Vázquez Filippetti*, 504 F.3d at 49 ("Breach of duty has, as its name implies, two sub-elements: duty and breach."); *Robles v. Pablo Fajardo*, 2016 WL 2637814, at *2 (D.P.R. May 6, 2016) ("The second element requires that the defendant had a duty and there was a breach of that duty."). Under Puerto Rico law, there are three ways in which a duty of care may arise: "(1) by a statute, regulation, ordinance, bylaw or contract; (2) as the result of a special relationship between the parties that has arisen through custom; or (3) as the result of a traditionally recognized duty of care particular to the situation." *De Jesús Adorno v. Browning Ferris Industries of Puerto Rico, Inc.*, 160 F.3d 839, 842 (1st Cir. 1998). The Puerto Rico Supreme Court has clearly established that "a property owner has a duty to exercise reasonable care for the protection of business visitors—invitees—on the premises." *Goose v. Hilton Hotels*, 79 P.R. 494, 498 (1956). Although the Puerto Rico Supreme Court "*has never* purported to convert the owner of a commercial establishment in an absolute insurer of the safety of its visitors *nor* impose [upon] it an absolute liability before any damage suffered by its clients" it has declared that "a company who operates an establishment open to the public in order to carry out commercial operations for its own benefit has the duty to maintain said establishment in such conditions of safety that its clients

suffer no damages." *Ramos Rosado v. Wal-Mart Stores Inc.*, 165 D.P.R. 510, 513 (2005) (emphasis in original).

It is clear in this case that CVS owed a duty of care to Plaintiff while she was present upon CVS' premises—including the parking lot. The CVS Pharmacy store is a commercial establishment which is open to the public. Defendant acknowledges that the parking lot where the alleged accident occurred belonged to the CVS Pharmacy store in Fajardo. ECF No. 41-1 at 1. Plaintiff, as a business visitor to the CVS store, was an invitee while at the CVS store and its parking lot. As such, under Puerto Rico law CVS owed a duty of care to maintain the store's parking lot in a condition of safety for business invitees such as Plaintiff.[4]

### B. Whether Plaintiff was Comparatively Negligent or Assumed the Risk

Defendant also moves for summary judgment on the basis that Plaintiff's injuries were the product of her own negligence rather than the negligence of CVS because she started running in the parking lot which resulted in her fall. ECF No. 41-1 at 12–13. Furthermore, Defendant asserts that by running, Plaintiff cannot make any recovery for her injuries from CVS because she "assumed the risk of her actions." ECF No. 41-1 at 12–13.

Under Puerto Rico law, the phrase "assumption of risk" comes in three "modalities":

> 1) when both parties agree not to bring a claim, even though one party incurs in negligence; 2) when having had or not a duty toward the plaintiff, the defendant is not liable because he has not incurred in fault or negligence, (primary sense); 3) when the plaintiff has assumed the risk created by the breach of the duty that defendants had toward him, (secondary sense)."

---

[4] Defendant also makes an indirect argument that CVS had no duty to "protect visitors against dangers that are known or that are so apparent that it can reasonably be expected to discover and protect." ECF No. 41-1 at 9 (citing *Goose*, 79 D.P.R. at 528 (internal quotations omitted). However, because there is no evidence in the record describing in detail the crack or hole upon which Plaintiff alleges she fell, as further discussed below, it is impossible to determine whether it was of such a condition or quality that it would constitute a known danger or be reasonably expected for a visitor like Plaintiff to discover.

6

*Abrams v. Hacienda Carabali*, 2001 WL 1636709, at *3 (D.P.R. Sept. 28, 2001) (citing *Viñas v. Pueblo Supermarket of P.R.*, 86 D.P.R. 33, 34–35 (1962). The second modality, or "primary sense," is referred to as "express assumption of risk" under Puerto Rico law, meaning that the plaintiff is barred from recovering for her injuries because she "acknowledged and voluntarily assumed the risk." *Viñas*, 86 D.P.R. at 40; *Abrams*, 2001 WL 1636709, at *3. In those such cases, the defendant is relieved from liability because "the plaintiff, with full knowledge of the risk, enters into a relation with the defendant involving danger to himself." *Baum-Holland v. El Conquistador Partnership, L.P., S.E.*, 336 F. Supp. 3d 6, 23 (D.P.R. 2018).

Under the third modality, the Puerto Rico Supreme Court has declared that assumption of risk in the "secondary sense" is actually a form of comparative negligence. *Soto Rivera v. Tropigas de P.R., Inc.*, 117 D.P.R. 863, 866 (1986). Under the comparative negligence system, the factfinder at trial is responsible for assessing whether the plaintiff's negligence caused her injuries or whether both parties exhibited negligence which caused the injury. *Baum-Holland*, 386 F. Supp. 3d at 23. Therefore, the doctrine of comparative negligence does not entirely bar liability for a tort claim as does express assumption of risk, but rather acts to reduce the relief awarded "proportionate to the degree of plaintiff's negligence." *Id*. Because the doctrine of comparative negligence only operates to mitigate damages for which the finder of fact determines the defendant liable, "motions for summary judgment cannot be granted on the argument that plaintiff caused his own fall." *Velázquez v. Puerto Rico Ports Authority*, 2009 WL 10717754, at *4 (D.P.R. Feb. 18, 2009).

In this case, defendant appears to argue that Plaintiff assumed the risk under the "primary sense" or express assumption of risk.[5] However, it is clear that neither comparative negligence

---

[5] Neither party in this case asserts assumption of risk under the first modality because Plaintiff has brought a claim.

nor express assumption of risk are applicable in this case. Under Puerto Rico law, assumption of risk in the secondary sense, meaning comparative negligence, is an inappropriate vehicle to grant summary judgment in this case. It must be left to a jury at trial to determine to what degree, if any, Plaintiff was responsible for her own injuries. Defendant's liability would then be mitigated in proportion to Plaintiff's own negligence, and thus, as a matter of law, summary judgment cannot be granted based on the argument that Plaintiff's own negligence caused her fall.

With regard to express assumption of risk, summary judgment cannot be granted on the premise that Plaintiff acknowledged or voluntarily assumed the risk of running in a damaged parking lot because Plaintiff denied in her deposition that she ever ran. Defendant asserts that video recordings of Plaintiff's fall shows that she began to run forward in the CVS parking lot when "papers" fell from Ms. Cesareo onto the ground. ECF No. 41-2 at 3; ECF No. 41-10. However, Plaintiff disputes this recitation of events, citing to her own deposition wherein she denied having picked up anything which had fallen to the ground and denied on multiple occasions that she had started running in the CVS parking lot. ECF No. 42-1 at 3, ¶ 11; ECF No. 42-2 at 58, ¶¶ 13–22; 59, ¶¶ 1–12; 65, ¶¶ 9–22; 66, ¶¶ 1–10; *see also* ECF No. 41-4 at 57, ¶¶ 15–18.[6] Plaintiff's testimony is sufficient to create a genuine dispute of material fact as to whether she ran in the CVS parking lot. Therefore, assuming arguendo that the doctrine of express assumption of risk would apply at summary judgment to exonerate defendant of all liability, there exists a genuine factual dispute which prevents the court from granting summary judgment on the basis of express assumption of risk.

---

[6] At one point in her deposition, Plaintiff does admit to opposing counsel that in the video evidence "it looks like I was running." ECF No. 41-2 at 3, ¶ 16. However, that statement does not negate the dispute of fact created by Plaintiff's repeated denials that she had been running in the parking lot.

8

### C. Whether There Existed A Dangerous Condition About Which CVS Had Knowledge

Next, Defendant also moves for summary judgment by arguing that Plaintiff has failed to produce evidence which shows that CVS had notice of a dangerous condition or evidence of how long the condition was present in the CVS parking lot. ECF No. 41-1 at 10. Under Puerto Rico law, the owner of a commercial establishment is only liable for damages due to negligence on his premises "as a result of those hazardous conditions *which are known by* [the owner] *or when their knowledge is imputable.*" *Ramos Rosado*, 165 D.P.R. at 513 (emphasis in original). Accordingly, to impose premises liability, "the plaintiffs must prove—and the courts have to determine—, in the first place, if a hazardous condition existed and, second, if the existence of such condition was of the knowledge of the defendant or if it could be imputed such knowledge." *Id.* at 514 (emphasis omitted). If a plaintiff succeeds in showing that a dangerous condition existed on the premises, then plaintiff must show that the defendant either had "actual" or "constructive" knowledge of the dangerous condition. *Velázquez*, 2009 WL 10717754, at *4; *Cotto v. C.M. Ins. Co.*, 116 D.P.R. 644, 650 (1985) ("[W]e fixed liability because they involved *existing dangerous conditions* within the business premises in question, which conditions *were known to the owners or should have been known to them.*") (emphasis in original).

In order to show constructive knowledge (knowledge 'imputable' to the defendant), "a plaintiff must prove either the existence of the dangerous condition for an unreasonable or excessive length of time or, in the absence of evidence regarding time, the owner's insufficient prevention policy or failure to implement the policy." *Carlo Blanco v. Inmobiliaria Comercial, Inc.*, 59 F. Supp. 3d 399, 403 (D.P.R. 2014) (citing *Ramos Rosado*, 165 D.P.R. at 513–15). If the alleged dangerous condition is permanent, "the question then becomes whether defendants implemented a sufficient prevention policy or exercised reasonable care to forewarn visitors of

9

the hazard." *Robles*, 2016 WL 2637814, at *2 (citing *Márquez v. Casa de España de Puerto Rico*, 59 F. Supp. 3d 409, 414 (D.P.R. 2014)).

Defendant asserts that Plaintiff has no evidence showing that CVS knew about any dangerous condition which allegedly existed in its parking lot. ECF No. 41-1 at 10. Plaintiff argues that the existence of a dangerous condition and the knowledge of CVS as to the existence of that condition are issues of material fact to be established at trial and not on summary judgment. ECF No. 42 at 9. However, because Plaintiff bears the ultimate burden of proof at trial in showing the existence of a dangerous condition and Defendant's knowledge of that condition, Plaintiff cannot merely "rely on an absence of competent evidence but must affirmatively point to specific facts [in the record] that demonstrate the existence of an authentic dispute" as to the dangerous condition in the parking lot and CVS' knowledge. *McCarthy*, 56 F.3d at 315 (citation omitted). In this case, Plaintiff has failed to produce affirmative evidence which could lead a reasonable jury to conclude that there was an existing dangerous condition in the parking lot or that CVS had actual or constructive knowledge of the said dangerous condition, as explained below.

   1. **The Presence of a Dangerous Condition**

The question of whether an existing condition is unreasonably dangerous would normally be left to a jury if the Plaintiff produces evidence which depicts or describes the condition and which a jury could reasonably use to find that the condition was dangerous. *See Robles*, 2016 WL 2637814, *3 (finding that photos of a strip of concrete in a hallway where the plaintiff fell were enough to leave the inquiry to a jury as to whether there existed an "unreasonably dangerous condition."). However, the mere fact that Plaintiff fell is not evidence of the existence of a dangerous condition. *Cotto*, 116 D.P.R. at 653. As explained by the Puerto Rico Supreme

Court, "a person may slip and fall to the floor while walking . . . and it need not be caused by someone's negligence" as a "fall suffered by [a] plaintiff, necessarily, and ordinarily, did not have to be caused by 'existing dangerous conditions' inside said premises or by 'some type of negligence chargeable to the defendant'. . . ." *Id*.

Even taking all reasonable inferences in Plaintiff's favor, Plaintiff has failed to affirmatively produce evidence sufficient for a reasonable jury to find that the "hole" or "crack" in the CVS parking lot which allegedly caused her fall was a dangerous condition. Plaintiff cites to her deposition testimony where she recounted that she fell in a portion of the CVS parking lot which was finished with "white cement" rather than asphalt. ECF No. 42-2 at 32., ¶¶ 5–7, 12, 19. Plaintiff explained that at that spot, the "cement" "had a hole and it was damaged and uneven." ECF No. 42-2 at 33, ¶¶ 2, 7–8, 15. When pressed for more details, Plaintiff responded only that "[i]t was like a crack or something like that." ECF No. 42-2 at 34, ¶¶ 2–3. Plaintiff does not cite to testimony, photographs, or any other evidence in the record which further describes the damaged and uneven hole or crack which allegedly constituted a dangerous condition.

The mere presence of an uneven crack or hole in a parking lot does not, without more, establish the presence of an *unreasonably* dangerous condition. Parking lots, being subject to the routine traffic of motor vehicles, as well as to heat, chill, rain, and shine, will unavoidably have uneven cracks and holes of various sizes, shapes, and severities due to normal wear and tear. Not all signs of wear and tear on a parking lot are indicative of negligent maintenance, and likewise, not every crack, hole, or uneven portion of the parking lot constitutes an unreasonably dangerous condition which poses a threat to pedestrians. For example, a hairline crack or divot in the concrete is dramatically different than a pothole several inches deep. However, Plaintiff cites to no evidence which describes the overall condition of the damaged concrete, the length, depth, or

11

width of the damage, the extent of the unevenness of the concrete, or any other evidence (such as, for example, photographs or video recordings) which would illustrate to a jury what makes the hole or crack unreasonably dangerous. Plaintiff only explained that the hole or crack was "damaged and uneven," and making all reasonable inferences in Plaintiff's favor, this description alone is not enough evidence to lead a reasonable jury to conclude that the hole or crack in the CVS parking lot was of the quality or degree which would pose an unreasonable danger to a business visitor. Plaintiff also cannot rely on the mere fact that she fell as evidence that an unreasonably dangerous condition existed, because Plaintiff may have fallen without having tripped on any hazard in the parking lot.

### 2. Defendant's Knowledge of Any Dangerous Condition

Even if the court were able to conclude that there existed a dangerous condition in the CVS parking lot, Plaintiff also failed to cite evidence which would show that CVS had actual or constructive knowledge of the dangerous condition. Plaintiff cites no evidence that would indicate that any CVS employee *actually* knew that there was a crack in the parking lot which was dangerous to visitors. Therefore, lacking evidence of actual knowledge, Plaintiff must demonstrate that CVS had constructive knowledge of the condition either because CVS had not implemented or failed to execute an existing policy to remedy dangerous conditions, or because the dangerous condition had been present for an unreasonable amount of time. *Carlo Blanco*, 59 F. Supp. 3d at 403 (citing *Ramos Rosado*, 165 D.P.R. at 513–15).

Neither party cited to evidence which shows that CVS failed to implement a relevant policy to remedy dangerous conditions or that CVS failed to execute that policy. Plaintiff argues that "[i]t seems obvious that due to its use and nature as a source of parking for clients it is reasonable to require the site owner to make reasonable regular inspections." ECF No. 42 at 9.

However, Plaintiff cites to no evidence that the CVS store in Fajardo lacked a policy requiring regular inspections or that any existing policy was not followed. At summary judgment, Plaintiff cannot merely "rely on an absence of evidence" regarding this policy, "but must affirmatively point to specific facts [in the record]" showing that CVS did not have a policy or did not follow it. *McCarthy*, 56 F.3d at 315.

Furthermore, the mere presence of a dangerous condition does not show that a premise owner lacks a policy meant to correct dangerous conditions. For example, the condition may have recently arisen before the employees following the established policy were able to rectify the danger. *See e.g. Ramos Rosado*, 165 D.P.R. at 515 (finding that Wal-Mart implemented a reasonable policy requiring associates to walk the aisles every fifteen minutes to check for spills, but that the spill at issue occurred before Wal-Mart had the opportunity to find and clean up the spill.). Because no evidence is cited which puts the factfinder in a position to determine whether CVS had or did not have a policy meant to prevent and correct dangerous conditions, Plaintiff must affirmatively produce evidence which shows that the crack or hole existed in the parking lot for an unreasonable amount of time. *Velázquez*, 2009 WL 10717754, at *5 ("Not being in a position to conclude that it is an undisputed fact that defendants had (or did not have) a satisfactory accident-prevention policy in place at the time of plaintiff's accident, we turn to our last inquiry concerning the imputation of constructive knowledge . . .").[7]

For the same reasons as enumerated above, Plaintiff cites to no affirmative evidence which would allow a reasonable factfinder to conclude that the condition of the crack or hole in the CVS parking lot had been present for an unreasonable amount of time. For example, in

---

[7] Plaintiff argues that "The absence of such regular inspections could raise an inference that the dangerous condition existed long enough for the property owner to have taken notice and corrective measures." ECF No. 42 at 9. However, Plaintiff has not cited to any evidence on the record indicating that CVS did not conduct regular inspections.

*Velázquez v. Puerto Rico Ports Authority*, this court held that evidence showing a "large amount of water" spanning seven or eight urinals in a bathroom, which soaked the plaintiff's back when he slipped and fell in the water, was sufficient for a rational factfinder to conclude that the water had been on the floor for an unreasonable and excessive amount of time. *Velázquez*, 2009 WL 10717754, at *6. Unlike a spill or debris on the floor of a store, damage to a parking lot is less likely to arise suddenly. Even so, a small crack or hole might be the product of sudden damage to the asphalt or concrete. In contrast, a large pothole is more likely to have developed over a longer period of time due to repeated damage and neglect. In this case, however, no evidence which Plaintiff cites indicates whether the damage in the CVS parking lot was more like a hairline fracture or a pothole. In other words, unlike the evidence shown by the plaintiff in *Velázquez*, Plaintiff cites no evidence describing the crack or hole which would allow a factfinder to make an inference about how long the damage had existed. Therefore, Plaintiff fails to cite evidence which could convince a rational jury that the damage in the CVS parking lot existed for an unreasonable amount of time.

In sum, because Plaintiff has failed to affirmatively produce evidence describing the crack or hole which allegedly caused her fall, Plaintiff fails to produce evidence which could lead a reasonable jury to conclude that there existed a dangerous condition in the parking lot of CVS pharmacy. Furthermore, even if the crack or hole was a dangerous condition, because Plaintiff has not cited evidence describing the damage, she fails to show that CVS had knowledge of the condition of the parking lot. Therefore, summary judgment must be granted in favor of Defendant.

**D. Whether CVS Breached the Standard of Care in Designing the Parking Lot**

In her complaint, Plaintiff also contends that her accident was "due to the fault or negligence of CVS Pharmacy, by creating an unreasonable danger to the public by not following applicable construction codes, laws, and regulations . . . ." ECF No. 1 at 4, ¶ 22. Defendant therefore argues in its motion for summary judgment that Plaintiff "does not have evidence in the form of expert testimony as to the applicable standard of care, and therefore, any claim as to the parking lot being defective or negligently built must be dismissed." ECF No. 41-1 at 10.

In contrast to a suit alleging that business premises were negligently maintained, a suit claiming negligent design asserts that the property was negligently designed "from its very conception—as the owner intended it to be." *Márquez*, 59 F. Supp. 3d at 414–15 (D.P.R. 2014) (citing *Vázquez Filippetti*, 504 F.3d at 50–51). If the nature of the design is "beyond the common experience or knowledge of an average lay person" the plaintiff must usually present expert testimony establishing "the relevant standard of care for the design and the way(s) in which the defendant's design fell below that standard." *Vázquez Filippetti*, 504 F.3d at 54.

Here, in her response in opposition to Defendant's motion for summary judgment Plaintiff abandons any such theory of negligent design, writing that she is not required to produce evidence that the CVS parking lot did not comply with construction codes, laws, and regulations of Puerto Rico because "in this case, [P]laintiff has evidence to prove the dangerous condition." ECF No. 42 at 10. Because Plaintiff does not argue that she is pursuing a theory of liability based on negligent design, and because she offers no evidence—expert or otherwise—regarding negligent design of the parking lot, summary judgment must also be granted in favor of Defendant with regard to any claim based on negligent design.

## IV. CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment is hereby GRANTED. Accordingly, Plaintiff's claim for tortious injury pursuant to Puerto Rico Civil Code, §§ 1802, 1803, 31 L.P.R.A. §§ 5141, 5142 is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 29th day of April, 2022.

s/Marcos E. López  
U.S. Magistrate Judge