**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| MARÍA J. AYALA-MARTÍNEZ,<br><br>     Plaintiff,<br><br>       v.<br><br>PUERTO RICO CVS PHARMACY, LLC., et al.,<br><br>     Defendants. | CIVIL NO.: 19-2098 (MEL) |

**OPINION & ORDER**

María J. Ayala-Martínez ("Ms. Ayala-Martínez"), represented by counsel Manuel Cobián Roig, filed a complaint against Puerto Rico CVS Pharmacy, LLC ("Defendant" or "CVS") pursuant to Puerto Rico Civil Code, §§ 1802, 1803, 31 L.P.R.A. §§ 5141, 5142. ECF No. 1 at 4. According to the allegations of the complaint, Ms. Ayala-Martínez was injured when she fell in the parking lot of a CVS pharmacy in Fajardo, Puerto Rico, due to Defendant's acts or omissions. ECF No. 1 at 4. Specifically, the complaint contends that Ms. Ayala-Martínez fell and was injured because of an existing dangerous condition that was known or should have been known by Defendant or because the CVS parking lot had not been built following applicable construction codes, laws, and regulations. ECF No. 1 at 4.

On April 29, 2022, Defendant's motion for summary judgment was granted and the claims of the complaint were dismissed with prejudice. ECF No. 48. Judgment was entered accordingly on said date. ECF No. 51. Pending before the court is a "Motion to Alter Judgment under Rule FRCP 59(e) and Supplementing Response to Motion for Summary Judgment", filed by counsel Cobián Roig. ECF No. 54. Also pending before the court is Defendant's "Motion to Strike and/or in Opposition to Motion to Alter Judgment". ECF No. 55.

There are several problems with the motion to alter the judgment and supplementing the response in opposition to the motion for summary judgment. The first difficulty lies with the fact that María J. Ayala-Martínez, the Plaintiff in the complaint, has died. On March 24, 2022, counsel Cobián Roig, who represented Ms. Ayala-Martínez throughout this litigation until her death, filed a "Motion for Substitution of Party under Fed.R.Civ.25(a)". ECF No. 43. Federal Rule of Civil Procedure 25(a)(1) provides, *inter alia,* that "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative."

According to the first motion for substitution of a party, Ms. Ayala-Martínez died on November 15, 2021, and the news of her death was communicated to Plaintiff's counsel on February 2, 2022.[1] This motion was denied without prejudice because, among other matters, counsel Cobián Roig had failed to submit a judicial declaration of heirship ("declaratoria de herederos") and also an English translation of one of the exhibits in Spanish. ECF No. 44.

On April 11, 2022 counsel Cobián Roig filed a "Second Motion for Substitution of Party under Fed.R.Civ.25(a)". ECF No. 45. Counsel submitted a certified translation of Ms. Ayala-Martínez's will and a scanned copy of her death certificate, among other exhibits. Specifically, counsel Cobián Roig moved "to substitute Jeannette Natal Ayala and Jeannette Marie Natal García as a named party in place of the deceased María Ayala-Martínez." *Id.* at 1. This second motion, however, also has procedural deficiencies. Counsel Cobián Roig appears in this motion on behalf of Ms. Ayala-Martínez, who had already passed away, not on behalf of Ms. Ayala-

---

[1] Even though counsel Cobián Roig was aware since February 2, 2022 of Ms. Ayala-Martínez's death, on March 14, 2022 he proceeded to file a response in opposition to Defendant's motion for summary judgment. ECF No. 42. Clearly counsel Cobián Roig did not have the authority to file said response on behalf of Ms. Ayala-Martínez, whom he knew had already passed away. "Once a party dies, his attorney has not authority to add anything to the record." *Burgos Yantin v. Municipality of Juana Díaz,* 709 F.Supp. 2d 118, 122 (D.P.R. 2010) (quoting *Atkins v. City of Chicago,* 547 F.3d 869, 873 (7th Cir. 2008)). It was not until ten days after said response was filed that counsel Cobián Roig first sought substitution of Ms. Ayala-Martínez as a party in this case. ECF No. 43.

Martínez's heirs. Rule 25(a) "carefully distinguishes between 'parties' and 'successors or representatives of deceased parties,' and does not mention 'deceased parties' themselves. I therefore interpret rule 25 as allowing a motion to substitute to be made either by the estate of the deceased party (presumably acting through counsel for the estate) or by any other party, but not by the deceased party herself or himself (acting through counsel)." *Al-Jundi v. Rockefeller*, 88 F.R.D. 244, 246 (W.D.N.Y. 1980). *See also Smith v. Planas*, 151 F.R.D. 547, 549-550 (S.D.N.Y. 1993) ("Furthermore, the attorney for the decedent has no authority to suggest the death of his or her client upon the record. The attorney is not a party to the action and the attorney's authority to represent the decedent terminated upon death. A representative of the deceased party, and not that party's attorney, must make the suggestion of death."); *Kasting v. American Family Mut. Ins. Co.*, 196 F.R.D. 595 (D. Kansas 2000); 7C Charles Alan Wright & Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure*, Civil § 1955, at 678-679 ("It has been held that the attorney for the deceased party may not make the statement noting death since the attorney is not a party to the action and, since the attorney's authority to represent the deceased terminated on the death, the attorney is not a representative of the decedent of the sort contemplated in the rule.")

Counsel Cobián Roig has not appeared on behalf of Ms. Ayala-Martínez's heirs or as executor or administrator of her estate. Therefore, counsel Cobián Roig did not have the legal authority to file, on behalf of Ms. Ayala-Martínez who died on November 15, 2021, the response in opposition to Defendant's motion for summary judgment (filed on March 14, 2022, ECF No. 42), the first motion to substitute party (filed on March 24, 2022, ECF No. 43), the second motion for substitution of party (filed on April 11, 2022, ECF No. 45), and the motion to alter the judgment supplementing the response in opposition to the motion for summary judgment (filed

on May 19, 2022, ECF No. 54). This basis, by itself, is sufficient to deem Defendant's motion for summary judgment as unopposed and to have the motion to alter the judgment DENIED.[2]

Moreover, no procedurally sound motion for substitution of Ms. Ayala-Martínez has been filed as, once again, counsel Cobián Roig is appearing on behalf of the decedent. "If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." Fed.R.Civ.P.25(a)(1). Consequently, in view that neither Ms. Ayala-Martínez's heirs nor the executor or administrator of her estate have filed in a timely fashion a motion for substitution, the complaint is DISMISSED.

Alternatively, assuming *arguendo* that a valid motion for substitution of party has been made, the court reaffirms the reasoning articulated in the Opinion and Order granting Defendant's Motion for Summary Judgment. ECF No. 48. In addition, counsel Cobián Roig's attempt to supplement his response to Defendant's motion for summary judgment almost three weeks after the court ruled on the motion for summary judgment and entered judgment is untimely. Finally, even if the court were to entertain the exhibits submitted as part of the response in opposition to the motion for summary judgment (ECF Nos. 54-1), there is still a lack of evidence for a reasonable jury to conclude that there existed a dangerous condition in the parking lot of the CVS pharmacy. Nor do the supplemental exhibits tendered provide a sufficient basis for a reasonable jury to find that the Defendant had knowledge or should have had knowledge of the "condition" depicted in said exhibits.[3]

---

[2] Another procedural hurdle that counsel Cobián Roig is facing is that because on April 29, 2022 the court granted Defendant's motion for summary judgment, Ms. Ayala-Martínez's claims have been extinguished. According to Rule 25(a)(1), the court may order substitution of the proper party if a claim is not extinguished. Thus, at this juncture of the proceedings substitution is not viable.

[3] Furthermore, the motion to alter the judgment which provides supplemental exhibits in support of the response to the motion for summary judgment makes reference to "the photos where the accident took place" (ECF No. 54 at 2, ¶5), but it is unclear when those photographs were taken or if the conditions depicted in those photographs are identical to those at the moment that the alleged incident occurred.

In sum, there is no reason to alter the judgment dismissing the complaint. The complaint must be dismissed because no timely motion for substitution of Ms. Ayala-Martínez has been filed by Ms. Ayala-Martínez's heirs. In the alternative, the complaint must also be dismissed because Defendant's motion for summary judgment has merit, even taking into account the supplemental exhibits that were untimely submitted in the motion to alter the judgment.

WHEREFORE, the motion to alter judgment (ECF No. 54) is DENIED. Defendant's motion to strike (ECF No. 55) is DENIED; however, Defendant's opposition to the Motion to Alter the Judgment (ECF No. 55) is NOTED.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 16th day of September, 2022.

s/Marcos E. López
U.S. Magistrate Judge